AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff,

v.

John KLINE, Michelle Kline, and First Bank, Defendants.

John Kline, Michelle Kline, and First Bank, Plaintiffs,

v.

American Family Mutual Insurance Company, Defendant.

Case Nos. 4:10–cv–00321 RP–RAW, 4:10–cv–00371.

United States District Court, S.D. Iowa, Central Division.

April 25, 2011.

---

David N. May, David J.W. Proctor, Bradshaw Fowler Proctor & Fairgrove, Des Moines, IA, for American Family Mutual Insurance Company.

Donald G. Beattie, Beattie Law Firm PC, Des Moines, IA, for John Kline and Michelle Kline.

Bernard L. Spaeth, Jr., Jonathan Edward Kramer, John H. Moorlach, Whitfield & Eddy PLC, Des Moines, IA, for First Bank.

## ORDER

ROBERT W. PRATT, Chief Judge.

Currently before the Court is a "Motion to Limit Testimony of David Mariasy," filed by American Family Mutual Insurance Company ("American Family") on April 1, 2011. Clerk's No. 23. John and Michelle Kline (collectively the "Klines") filed a response in opposition to the motion on April 18, 2011. Clerk's No. 39. A reply brief is not necessary. *See* L.R. 7(g). The matter is fully submitted.[1]

### I. FACTUAL & PROCEDURAL BACKGROUND

As has been previously and concisely explained by Magistrate Judge Walters,

> This case involves a dispute about insurance coverage relating to a house and a 1964 Chevrolet Corvette destroyed by a fire.... The house was insured by a homeowners policy issued by [American Family]. A fire destroyed the insured house as well as the Corvette on February 9, 2009. The Corvette was owned by John Kline and was insured by an American Family auto policy. Following the fire, the Klines made an insur-

---

1. American Family has requested oral argument on its motion; however, the Court does not believe that oral argument will aid it in resolving the present matter. Therefore, American Family's request is denied.

ance claim under the homeowners policy for damage to the house and personal property contained in the house. The Klines also made an insurance claim for the Corvette under the auto policy. American Family filed this lawsuit on July 16, 2010, alleging the Klines intentionally started the fire and seeking a declaratory judgment ordering that neither John Kline nor Michelle Kline is entitled to payment under the policies. American Family also seeks a money judgment against the Klines. (Am. Compl. [6] counts 12, 13).

The Klines filed a petition in the Iowa District Court for Polk County on July 30, 2010 against American Family alleging claims for breach of insurance contract. That case was removed to this Court on August 12, 2010 as 4:10–cv–00371–RP–RAW and consolidated with the above-captioned case by Order [9] of Chief Judge Robert W. Pratt on August 19, 2010. Also on July 30, 2010, the Klines brought the same claims asserted in action 4:10–cv00371–RP–RAW by counter-claim in this case. (Ans. [2] at 9–12.)

Clerk's No. 32 at 1–2.

This case is currently scheduled to go to trial on June 6, 2011. Clerk's No. 17 at 2. At trial, the Klines intend to offer David Mariasy ("Mariasy") as an expert witness. *See* Pl. Klines' Br. in Supp. of Resistance to Defendant American Family's Mot. to Limit Testimony of David Mariasy (hereinafter "Kline Br.") at 5–7 (Clerk's No. 39–1). At the request of the Klines' counsel, Mariasy listened to an audio file of a 911 call made on February 9, 2009 (the "911 Recording"), both in its original form and in a version enhanced by American Family's expert. *See* Report of David Mariasy (hereinafter "Mariasy Report") at 2 (Clerk's No. 33–1 at 3). Mariasy then produced his own enhanced version of the 911 Recording "and developed a transcript of conversations contained within the call." Mariasy Report at 2; *see also* American Family's Br. in Supp. of Mot. to Limit Testimony of David Mariasy Under *Daubert* and the Fed. Rules of Evid. (hereinafter "Am. Family Br.") at 5 (Clerk's No. 33–3); Kline Br. at 5.

## II. LAW AND ANALYSIS

In the instant motion, American Family seeks to preclude Mariasy from testifying about: (1) "the identity of any person whose voice is heard" on the 911 Recording; (2) "the content of the speech heard" on the 911 Recording; (3) "the physical locations in or around the Kline home on February 9, 2009"; and (4) "the mental states of the individuals heard" on the 911 Recording.[2] *See* Mot. ¶ 6 (emphasis omitted). American Family also seeks to exclude the transcript prepared by Mariasy "because it is little more than a statement of who is saying what on the recording."[3]

---

**2.** Notably, American Family does not challenge Mariasy's expertise in audio enhancement or seek to exclude Mariasy's enhanced version of the 911 Recording. *See* Clerk's No. 33–3 at 9, 19.

**3.** In their opposition to the instant motion, the Klines argue that if this motion is granted, the Court must also prohibit American Family's audio-enhancement expert from offering similar evidence. *See* Kline Br. at 15, 17. This argument is, effectively, an independent motion and, therefore, is not properly before

the Court. *See* L.R. 7(e) ("A resistance to a motion may not include a separate motion or a cross-motion by the responding party. Any separate motion or cross-motion must be filed separately as a new motion."). The Klines are, of course, free to raise any objections to the admissibility of particular evidence at trial. Additionally, because American Family has not yet offered any expert testimony, the Court makes no ruling on what evidence might be necessary to rebut such testimony. *See* Kline Br. at 7 (arguing regarding the

*Id.* ¶ 6(c) (emphasis omitted). American Family argues that this testimony and the transcript (hereinafter the "Challenged Evidence") should be excluded because, *inter alia,* it would not be helpful to the jury. *Id.* ¶ 8; *see also* Am. Family Br. at 1–2 (citing *Lee v. Andersen,* 616 F.3d 803, 809 (8th Cir.2010)).

■ "Federal Rule of Evidence 702 permits a qualified expert to give opinion testimony if the expert's specialized knowledge would allow the jury to better understand the evidence or decide a fact in issue." *Lee,* 616 F.3d at 808 (citing *United States v. Arenal,* 768 F.2d 263, 269 (8th Cir.1985)). However, "[o]pinions that 'merely tell the jury what result to reach' are not admissible." *Id.* at 809 (quoting Fed.R.Evid. 704 advisory committee's note). Thus, if the subject matter of a proffered expert's testimony "is within the jury's knowledge or experience ... the expert testimony [is] subject to exclusion 'because the testimony does not then meet the helpfulness criterion of Rule 702.' " *See id.* (quoting *Arenal,* 768 F.2d at 269).

In *Lee,* the Plaintiff "identified Richard Dierks as an expert under Federal Rule of Civil Procedure 26(a)(2)." *Id.* at 808. As the Eighth Circuit explained:

> Dierks used digital video recording and processing technology to increase the contrast of the video images captured by the surveillance camera. He clarified seven individual frames captured by camera 3, covering a period of 1.3 seconds near the end of the foot pursuit. Dierks's expert report opined that "Fong Lee did not have a firearm in his

right hand during the moments before the shooting incident on July 22, 2006. Fong Lee did not have any object in his right hand during the moments before the shooting incident." When asked what methods and principles he used to interpret images, Dierks replied that the first method is "simple observation."

*Id.* On appeal, the Eighth Circuit affirmed the exclusion of Dierks's opinion regarding the handgun, concluding that Dierks's opinion "would not have assisted the jury but rather would have told it what result to reach." *Id.* at 809. According to the Eighth Circuit, "the jury was entirely capable of analyzing the images and determining whether Fong Lee had anything in his hands." *Id.*

■ American Family argues that this case is analogous to *Lee,* and that "[j]ust as the *Lee* jury needed no expert guidance to watch a videotape, the jury here can listen to the 911 [R]ecording and reach its own conclusions." Am. Family Br. at 2–3 (internal citation omitted). The Court agrees. Like the expert in *Lee,* Mariasy did not use any specialized knowledge or methodology to interpret the 911 Recording, but simply relied on his own sensory observations. *See, e.g.,* Mariasy Dep. Tr. 27:25–28:7 (Clerk's No. 33–3) (testifying that "somebody with good hearing" would be able to identify the voices of the Kline children on the 911 Recording); *id.* at 49:21–50:18 (indicating Mariasy's opinions regarding how many male voices were on the 911 Recording were based on Mariasy's hearing). The jury in this case will be capable of listening to the 911 Recording and interpreting it for themselves.[4] Thus,

---

hypothetical necessity of rebuttal testimony by Mariasy).

**4.** The Klines do not attempt to distinguish—and, indeed, do not even mention—the Eighth Circuit's opinion in *Lee. See* Kline Br. at 1–17. Rather, the Klines argue that "the only way

for the jury to understand and appreciate what kind of enhancement was necessary at certain parts of the tape is to explain the speaker's distance in general terms from the phone." *Id.* at 5. According to the Klines, "[w]ithout an explanation as to the general location of the speaker and the corresponding

the Challenged Evidence will not "assist[ ] the jury but rather [will tell] it what result to reach." *See Lee*, 616 F.3d at 809. Therefore, the Challenged Evidence does not meet the helpfulness requirement of Rule 702 and will be excluded.[5]

### III. CONCLUSION

For the foregoing reasons, American Family's "Motion to Limit Testimony of David Mariasy" (Clerk's No. 33) is GRANTED.

IT IS SO ORDERED.

enhancement done to the 911 tape, the jury may wrongly conclude that the various speakers are in one location during the entire call (concluding that since the audio is now audible, the speaker must be in close proximity)." *Id.* The Klines make similar arguments regarding Mariasy's proposed testimony regarding the emotional status of the speakers, asserting that "[w]ithout an explanation as to the general emotional status (shouting, excited, etc.), the jury may wrongly conclude that the various speakers are monotone or in one location, 'staging' the 911 call, as alleged by American Family." *Id.* at 6. However, even if the Court assumes that the jury may be confused by some of the results of the enhancement of the 911 Recording, the Court cannot agree that it is necessary to allow Mariasy to testify regarding the distance of the speakers and their emotional status. Rather, if the Klines believe that some emotional or spatial content is lost in the enhanced version of the 911 Recording, the Klines may submit the original version for the jury's consideration.

5. In light of this conclusion, the Court need not—and therefore does not—consider the other separate bases upon which American Family challenges the admissibility of the Challenged Evidence. *See* Mot. ¶¶ 9–10.